UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**06  356**

------------------------------------------------------------- x
HAND PICKED SELECTIONS, INC.,

                    Plaintiff,

    -against-

HANDPICKED WINES INTERNATIONAL PTY LTD
and AM ADVERTISING DESIGN PTY LTD,

                    Defendants.
------------------------------------------------------------- x

**COMPLAINT**

**JURY TRIAL DEMANDED**

BLOCK, J.

J. ORENSTEIN

      Plaintiff Hand Picked Selections, Inc., by its attorneys, for its complaint in this action alleges:

### PARTIES AND JURISDICTION

      1.     Plaintiff Hand Picked Selections, Inc. ("HPS") is a corporation, organized and existing under the Laws of the Commonwealth of Virginia, having its principal place of business at 226 East Lee St., Warrenton, VA 20186.

      2.     Upon information and belief, defendant Handpicked Wines International Pty Ltd ("HPW") is a corporation organized and existing under the laws of Australia, having an address at 3002, Level 30, Aurora Place, 88 Phillip Street, Sydney, NSW 2000, Australia.

      3.     Upon information and belief, defendant AM Advertising Design Pty Ltd ("AM") is a corporation organized under the laws of Australia, having an address at 1714 Pittwater Road, Suite 18, Bayview Anchorage, Bayview, NSW 2104, Australia.

4.  This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"), and the common law of the State of New York.

5.  Jurisdiction of this Court is proper under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and 28 U.S.C. § 1367.

## FIRST CAUSE OF ACTION

6.  HPS is an independent national wine merchant. HPS currently sells and distributes wine products in United States commerce through 42 distributors in 37 states, including the State of New York.

7.  For more than twenty (20) years, HPS has made continuous and substantially exclusive use of HAND PICKED and HAND PICKED SELECTIONS as trade names, trademarks, and service marks identifying HPS, HPS services, and wine products distributed by HPS in United States commerce.

8.  Since at least September 20, 1994, HPS has made continuous and substantially exclusive use of HAND PICKED SELECTIONS & Open Left Hand Design (the "HPS Hand Design") as a corporate logo, trademark, and service mark identifying HPS, HPS services, and wine products distributed by HPS in United States commerce.

9.  HPS is the owner of United States Trademark Application Serial No. 78/686,333 filed August 5, 2005 (the "'333 Application") for the HPS Hand Design mark as applied to "wines."

10.  By reason of many years of continuous and substantially exclusive use, the marks HAND PICKED, HAND PICKED SELECTIONS, and HPS Hand Design and have come to

symbolize substantial goodwill associated with HPS, HPS services, and wines products distributed by HPS in United States commerce.

11. Upon information and belief, on April 10, 2000, one Andrew Mills, an individual resident of Australia, filed United States Trademark Application Serial No. 76/022,313 (the "'313 Application") for HANDPICKED & Open Left Hand Design (the "Accused Hand Design").

12. In the '313 Application, Mr. Mills swore that he purportedly had a bona fide intent to use the Accused Hand Design mark in United States commerce (a) on all of the goods in International Class 29 except compotes; (b) on all of the goods in International Class 30 except yeast, baking powder, and ice; and (c) on all of the goods in International Class 33, including wines plus certain additional goods.

13. Upon information and belief, on January 4, 2001, Mr. Mills purported to assign the '313 Application to defendant AM.

14. Upon information and belief, at the time of the purported assignment of the '313 Application to AM as aforesaid, Mr. Mills had not made bona fide use of the Accused Hand Design in United States commerce on one or more categories of goods listed in the '313 Application.

15. Upon information and belief, on September 16, 2002, AM amended the '313 Application to delete all averments of bona fide intent to use the Accused Hand Design mark in United States commerce and to recast the '313 Application as purportedly based on ownership of a registration issued in Australia.

16. On March 11, 2003, the '313 Application matured into United States Registration No. 2,694,440 (the "'440 Registration") on the basis of Section 44(e) of the Lanham Act.

17. Upon information and belief, defendants AM, HPW, or both have imported and sold in United States commerce, including to one or more persons located in the State of New York, wine products bearing false and spurious designations of origin, including the HPS Hand Design set forth at right, below:

| HPS Hand Design | Accused Hand Design |
| --- | --- |
|  |  |

18. Wine products distributed by defendants under the Accused Hand Design mark are directly competitive with genuine HPS wine products distributed under the HPS Hand Design.

19. The conduct of defendants is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with HPS, or to cause such confusion, mistake, or deception as to the origin, sponsorship, or approval of defendants' goods, services, or commercial activities by HPS.

20. HPS believes that it will continue to be damaged by the conduct of defendants alleged in paragraphs 11-19, above, and that it will be damaged by the continued registration of the Accused Hand Design mark.

21. The conduct of defendants alleged in paragraphs 11-19, above, has been willful, wanton, and deliberate. Defendants have refused repeated demands by HPS that they cease use of HANDPICKED and the Accused Hand Design mark.

22. Defendants have persisted in their use of HANDPICKED and the Accused Hand Design mark despite having actual knowledge that their conduct has caused actual confusion as to the origin, sponsorship, or approval of wine products distributed by defendants.

23. The conduct of defendants has caused and threatens HPS with irreparable injury for which HPS has no adequate remedy at law.

24. Defendants are liable to HPS, jointly and severally, for violation of 15 U.S.C. § 1125(a)(1).

## SECOND CAUSE OF ACTION

25. Paragraphs 1-24, above, are realleged and incorporated by reference as if set forth in full.

26. Upon information and belief, defendants have acted with willful, wanton, and callous disregard for the rights of HPS, including HPS's rights in the HPS Hand Design mark.

27. Defendants are liable to HPS, jointly and severally, for unfair competition and misappropriation under New York law.

WHEREFORE, HPS prays that the Court:

(i) declare, adjudge, and decree that defendants are liable to HPS, jointly and severally, for violations of 15 U.S.C. § 1125(a);

(ii) declare, adjudge, and decree that defendants are liable to HPS, jointly and severally, for unfair competition and misappropriation under New York common law;

(iii) grant preliminary and permanent injunctions restraining defendants from engaging in any further acts constituting trade mark infringement, unfair competition, or misappropriation;

(iv) order the cancellation of the '440 Registration;

(v) award HPS compensatory damages as provided by law;

    (vi)    award HPS punitive damages as provided by law;

    (vii)    award HPS its costs, disbursements, and attorneys' fees incurred in bringing this action; and

    (viii)    award HPS such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
       January 26, 2006

FRIED, FRANK, HARRIS, SHRIVER, & JACOBSON LLP

By_____  
James W. Dabney (JD 9715)  
Scott D. Miller (SM 0616)  
Victoria J.B. Doyle (VD 6209)

One New York Plaza  
New York, New York 10004  
Tel. (212) 859-8000

Attorneys for Plaintiff

ffny02\dabnejam\523758.1