# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

HAND PICKED SELECTIONS, INC.,

                                 Plaintiff,                **MEMORANDUM AND ORDER**

      - against -

                                                      CV 06-0356 (FB) (JO)

HANDPICKED WINES
INTERNATIONAL PTY LTD, et al.,

                                Defendants.

-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        Plaintiff Hand Picked Selections, Inc. ("Selections") seeks an order pursuant to Federal Rule of Civil Procedure ("Rule") 37(a) compelling the non-party law firm of Ostrolenk, Faber, Gerb & Soffen LLP ("OFGS"), either as the "New York resident agent" for defaulting defendant A.M. Advertising Pty Ltd ("AM") or as the custodian of some of AM's records, to produce certain documents that it believes to be within its custody. Docket Entry ("DE") 38 at 3. OFGS is the law firm that AM had previously designated as its agent for service of process, but it does not represent AM or any other party to this action. For the reasons set forth below, I deny Selections' motion in its entirety. In addition, consistent with my standard practice in similar circumstances, and pursuant to Rule 16(b)(2), I now set a deadline of September 13, 2006, by which Selections must file a motion for default judgment against AM; if it fails to do so by that deadline, I will assume that it has abandoned its claims against that defendant and will therefore recommend that the court dismiss them with prejudice pursuant to Rules 16(f) and 37(b)(2)(C).

I.      Background

I assume the reader's familiarity with my order of June 22, 2006, DE 25, in which I denied Selections' previous motion for sanctions against AM pursuant to Rule 37(d) and which recounts most of the factual and procedural background relevant to the instant application. Selections purports to rest this latest motion on two new developments, neither one of which renders the instant motion any less improper than its predecessor. First, Selections re-served its discovery requests on AM, which again failed to respond to them. Second, Selections elicited deposition testimony from OFGS, through its designated witness Robert C Faber ("Faber"), indicating that he is in possession of certain documents related to United States Trademark Registration No. 2,694,440 (the "440 Registration"). On the basis of that testimony, Selections now seeks an order, "pursuant to Rule 37(a), compelling AM ... and its New York resident agent or custodian, OFGS, to produce forthwith all documents that are responsive to any one or more of [Selections'] Requests, including the complete contents of the file that OFGS produced [sic] at [its] deposition ...." DE 38 at 3. In doing so, Selections argues that AM's failure to respond to its discovery requests and to identify privileged documents constitutes a waiver of any applicable privilege that AM could otherwise assert, or that Faber might assert on AM's behalf in resisting production of documents in his custody. *See id.*

Although its motion seeks relief against only AM, Selections attempts to use it as an occasion to advance its theory that AM and its non-defaulting co-defendant Hand-Picked Wines International Pty Ltd ("Wines") have conspired to thwart Selections' ability to obtain discovery necessary to prosecute its claim. *See* DE 38 at 2 (seeking to cast doubt on Wines' claim that it does not have information or documents responsive to discovery requests concerning the 440

registration's prosecution on the grounds that Wines and AM co-own the registration at issue and are "commonly-represented"). As explained below, its assertion in that regard has no bearing on my resolution of the instant motion.[1]

As could reasonably be expected from its consistent and absolute lack of participation in this case, AM did not respond to Selections' motion. Wines did submit a response that voices no opposition to the relief sought, but which seeks to challenge the aspersions that Selections has consistently cast upon it.

II.     Discussion

    A.     Selections Is Not Entitled To The Relief It Seeks

In my order denying Selections' previous motion for sanctions pursuant to Rule 37(d), I noted that Rule 37 was inapposite regardless of whether AM's status as a party to this action changed when the Clerk noted its default. That remains true today, and for the same reason: because AM's default has already been noted, Selections need only ask for judgment against it to obtain relief that is equivalent to the most extreme form of sanction that can be awarded pursuant to Rule 37. *See* DE 25 at 7-9. As it did in its prior motion, Selections now seeks a decidedly lesser form of relief than is offered by Rule 55: namely, an order compelling the production of

---

[1] In that regard, however, I note that Selections' counsel asked a question during the OFGS deposition that, as phrased, implied a demonstrably untrue assertion of fact: "Are you aware that Mr. Gerein has filed pleadings for [AM] in this case?" DE 38 Ex. 2 (OFGS Deposition Transcript, or "OFGS Tr.") at 18. The individual to whom counsel referred in his question is Wines' attorney, James S. Gerein ("Gerein"). A review of the docket reveals that Gerein has never filed a pleading or any other document in this case on behalf of AM – a fact that Faber would have had no reason to know but that Selections' counsel would. I optimistically assume that counsel's wording was not an intentional effort to deceive but was instead a slip of the tongue, and that he meant to ask – to what legitimate purpose, I cannot fathom, as counsel in any event knew the answer – if Faber knew "whether" Gerein had filed any pleadings on behalf of AM rather than purporting to convey the false impression that Gerein had in fact done so.

3

documents. Such an order is no more than a means to an end that is already within Selections' grasp. That Selections has not yet moved for a default judgment against AM (nor articulated an explanation as to why it has not) suggests that rather than seek complete relief against AM in the form of a judgment, it seeks to achieve a tactical advantage against Wines. As I noted in my prior order, doing so is a misuse of the adversarial process. *Id.* at 8.

There are additional reasons to deny the specific forms of relief that Selections now seeks. First, to the extent Selections seeks an order that applies directly to OFGS, which is neither a party to this action nor AM's counsel, rather than to AM itself, Selections has failed to demonstrate any valid ground for relief. The vehicle by which Selections seeks to obtain information from OFGS is Rule 34, which is only applicable to parties. *See* DE 38 Ex. 1. That OFGS represents AM in another proceeding and is its agent for service of process purposes with respect to the 440 registration at issue does not make it AM's alter ego for purposes of discovery. Rather, like any non-party who may have custody of discoverable information, OFGS may be compelled to provide documents only by means of a subpoena pursuant to Rule 45, and it may be sanctioned for failing to comply only pursuant to that same rule.[2] Selections cites no authority

---

[2] Apparently in recognition of that fact, Selections actually did serve a Rule 45 subpoena on OFGS itself. *See* DE 38, Exhibit 2 (subpoena dated April 25, 2006, requiring OFGS to appear for a deposition on May 2, 2006, and to produce documents). Indeed, it was Faber's appearance at the deposition in response to that subpoena, and his possession at that time of a "salmon colored file" containing certain documents, that prompted the instant motion. OFGS Tr. at 9. Notwithstanding its dissatisfaction with the extent to which OFGS has complied with that Rule 45 subpoena, Selections has not sought relief against the law firm pursuant to that Rule. In light of the discussion in Part B below relating to Selections' assertion of a waiver of privilege, it is by no means obvious that Selections would succeed in securing relief by means of such a motion. Because no such motion has been made, however, I offer no comment on that score aside from the observation that such a motion, unlike the one now before me, would at least have the virtue of being consistent with the rules of civil procedure.

for extending the reach of the Rule 37 to a non-party on the ground that it possesses documents that are the subject of a discovery request served on a party, and I am aware of none.

Moreover, to the extent Selections would have me name OFGS in the requested order as AM's "New York resident agent or custodian," there would be no reason to do so even if I were to order the requested relief against AM. The responsibility to comply with such an order would be AM's; to the extent that it could comply with the order only by directing its "New York resident agent or custodian" to assist it in doing so (assuming, for purposes of discussion, that OFGS can reasonably be so described), the judicially enforceable obligation would be on AM to secure such assistance, not on OFGS to provide it. I would have occasion to order OFGS to act only in the event that AM had sought to comply with its obligation but was prevented from doing so by OFGS itself.

Further, to the extent Selections predicates its motion on the contention that AM has by inaction waived any privilege it may have with respect to the documents held by OFGS, it fails to cite any persuasive authority. The single case it invokes in this regard, *FG Hemisphere Associates, L.L.C. v. Republique du Congo*, 2005 WL 545218 (S.D.N.Y. Mar. 8, 2005), is plainly inapposite. That case addressed the waiver that occurs where a party withholds information that is otherwise discoverable on the ground that it is privileged, but fails to timely provide a log describing the withheld documents. *See id.* at *6 (citing cases). Extending that rule to the facts of this case is contrary to the plain language of the applicable Rule. Rule 26(b)(5) imposes certain obligations on a "party" that withholds information on the basis of privilege. But AM has not withheld any information on the basis of an assertion of privilege. It has simply defaulted. As a natural result of that default it has failed to respond in any way to Selections' discovery

requests, just as it has failed in all other ways to participate at all in this lawsuit. That AM's former counsel OFGS has invoked the privilege on its behalf in response to deposition questions does not alter the analysis, as the firm itself is not a party and therefore has no independent obligation to comply with Rule 26(b)(5).

Thus, the conduct of neither AM nor OFGS can properly be viewed as analogous to the conduct of the defendant that was found to have waived the privilege in *FG Hemisphere*: one has not asserted a privilege, and the other is not a party. A contrary reading would essentially vitiate the attorney-client privilege for defaulting defendants. It would allow a plaintiff to obtain discovery of privileged documents in any case in which a defendant has defaulted by issuing a subpoena on an attorney who had previously represented the defaulting party. Not only is this well beyond the limited scope of the waiver addressed in *FG Hemisphere* and the cases cited therein, but it is also unnecessary to achieve any legitimate purpose. The waiver of privilege that Selections seeks against AM, like the order to compel it would support, is no more than a means to an end. That end – a judgment on the merits against AM – is already available to Selections pursuant to Rule 55. I need not undermine the otherwise salutary purpose of the attorney-client privilege to ensure that Selections can obtain that to which it is legitimately entitled.

In that regard, Wines has consistently noted that the Hague Convention affords Selections an avenue to obtain the documents it seeks from AM. *See* DE 20 at 10; DE 39 at 3. The record suggests that despite Selections' multiple attempts to seek discovery from AM as a party (and to obtain relief for AM's failure to provide the sought discovery), it has not yet pursued such alternate means of obtaining the documents it claims that AM possesses. That it has failed to do so suggests that its motivations in fact lie in obtaining relief against Wines. As I have previously

noted, if Selections can demonstrate that Wines is acting either independently or in tandem with AM to frustrate Selections' rights in this case, it may seek appropriate relief. *See* DE 25 at 8-9. Its submissions with respect to the instant motion do not provide any factual support for me to find such collusion on the existing record.

B.     Selections Must Fish Or Cut Bait

For a variety of reasons good and bad, cases occasionally lie dormant, making no progress toward resolution after the plaintiff has filed a complaint. In the interest of managing the docket, I have adopted a routine practice in such cases of entering the following order:

> A review of the docket entries in this action indicates that there has been no activity in this case since [description of most recent filing, usually the filing of the certificate attesting to the service of the complaint on the defendant] on [date]. No later than [a date normally 30 days in the future], one of the following events must occur: (a) the defendant must file an answer, (b) the parties must file a stipulation extending the defendant's time to answer, or (c) the plaintiff must file a motion for the entry of a notation of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute.

I generally have occasion to issue such orders to prompt inattentive plaintiffs (or more precisely, their counsel) to attend to their claims, and I readily acknowledge that Selections has been anything but inattentive in this case. Nevertheless, the circumstances that normally prompt me to issue such orders exist here with respect to Selections' claims against AM, and I see no reason to depart from my usual practice. To the contrary, I have now twice been called upon to research and write about somewhat esoteric procedural matters precisely because Selections stubbornly refuses to seek a judgment that, on the current record, it can get for the asking. I do not begrudge Selections the attention to such matters, which are genuinely interesting, but the

interest of judicial economy requires me to focus my attention on those disputes that need judicial intervention rather than those that arise only by virtue of a party's election to forego that to which it is entitled.

Accordingly, pursuant to my authority under Rule 16(b)(2) to enter a scheduling order that limits the time to file motions, I order that any motion Selections may make for a default judgment against defendant AM must be filed no later than September 13, 2006. If AM remains in default and Selections has nevertheless failed to file such a motion by that deadline, I will deem Selections to have abandoned its claims against AM and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case against AM for failure to prosecute.

III.    Conclusion

For the reasons set forth above, I deny Selections' motion to compel in its entirety. In addition, consistent with my standard practice in similar circumstances, and pursuant to Rule 16(b)(2), I now set a deadline of September 13, 2006, by which Selections must file a motion for default judgment against AM; if it fails to do so by that deadline, I will assume that it has abandoned its claims against that defendant and will therefore recommend that the court dismiss them with prejudice pursuant to Rules 16(f) and 37(b)(2)(C).

**SO ORDERED.**

Dated: Brooklyn, New York
       August 14, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge